UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GREGORY SIMON,

                      Plaintiff,

                      16 Civ. _____

        vs.                    **COMPLAINT AND JURY DEMAND**

THE CITY OF NEW YORK,
NYPD OFFICER JAMES DELARGY
(Tax ID #943147), NYPD OFFICER
"JOHN DOE #1",

                      Defendants.
-----------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth Amendment to the United States Constitution, and the laws of the State of New York. Plaintiff, after having already surrendered to the police with his hands up, was unlawfully and unjustifiably assaulted, battered, and deprived of his constitutional and common law rights when NYPD officers bashed plaintiff's head open with a gun, causing him to sustain serious head trauma.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

1

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

5. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

6. Plaintiff Gregory Simon was, at all times relevant, a resident of the county of Queens, state of New York, and a citizen of the United States.

7. NYPD Officer James DeLargy (tax ID #943147) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, October 6, 2015, he was assigned to the 105th Precinct in Queens County. Defendant DeLargy is being sued herein in his individual capacity.

8. NYPD Officer John Doe #1, whose actual name and shield number plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who is being sued herein by the fictitious designation "John Doe #1," was at all times relevant herein an officer, employee, and agent of the NYPD. On the date of the incident, October 6,

2015, he was assigned to the 105th precinct within the confines of Queens County. Defendant John Doe #1 is being sued herein in his individual capacity.

9. At all times relevant herein, Defendants DeLargy and John Doe #1 ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

10. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

11. At approximately 2:00 p.m. on October 6, 2015, in the vicinity of 212th Street and 93rd Avenue in the County of Queens, Mr. Simon was driving his mother's car when he was pulled over by defendants James DeLargy and John Doe #1, NYPD officers from the 105th precinct. Mr. Simon asked the officers why he had been pulled over. Defendants DeLargy and Doe claimed that they smelled marijuana, ordered Mr. Simon out of the car, and proceeded to search the vehicle. They found no contraband, nevertheless, continued to detain Mr. Simon.

12. Fearing for his safety, Mr. Simon ran away on foot. The Individual Defendants gave chase in their patrol car. After a short distance, Mr. Simon stopped running and put his hands up; surrendering. The Individual Defendants got out of their patrol car with guns drawn and pointed at Mr. Simon. Mr. Simon kept his hands up in the air and said "don't shoot." One of the Individual Defendants walked up to Mr. Simon, pistol whipped him on his head with great force, causing him to lose consciousness and fall to the ground. Mr. Simon woke up moments later to the Individual Defendants dragging him to their patrol car.

13. Mr. Simon was taken to the emergency department of Long Island Jewish Medical Center where he was treated for head trauma and bleeding from a 1.5 by 1.5 centimeter stellate laceration to his left forehead at his hair line which required seven sutures to close.

14. The assault, battery, and unjustified excessive force committed by the Individual Defendants caused Mr. Simon to sustain physical and emotional injuries that are ongoing.

15. Plaintiff timely filed a written notice of claim with the Comptroller's Office at 1 Centre Street, New York, New York. At least thirty days have elapsed since the filing of such notice and adjustment and/or payment has been neglected and/or refused.

16. This action has been commenced within one year and ninety days after the events upon which the claims are based.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983/Fourth Amendment

17. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

18. The use of excessive force by the Individual Defendants in pistol whipping Mr. Simon on the head and dragging him while unconscious to their patrol car was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

19. The failure of the Individual Defendants, who had a duty to intervene, prevent, and stop the other from committing the unreasonable physical seizure against plaintiff, was also objectively unreasonable in violation of plaintiff's rights under the Fourth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF
### Assault

20. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

21. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act/s caused apprehension of such contact in the plaintiff.

22. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

23. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## THIRD CAUSE OF ACTION
### Battery

24. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

25. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner forcibly touched plaintiff without

6

plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

26. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

27. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

28. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

29. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the Individual Defendants who were unfit for the performance of police duties on October 6, 2015.

30. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiffs as a result of the events alleged herein.

2. Punitive damages against the Individual Defendants in an amount to be determined at trial.

3. For pre-judgment interest as allowed by law.

4. An order awarding plaintiff reasonable attorneys' fees, pursuant to 42 U.S.C. §1988, together with the costs of this action.

5. Such other further relief as the Court may deem appropriate.


Dated: December 29, 2016
      New York, New York

                                ROMANO & KUAN, PLLC

                                _____
                                Julia P. Kuan (JK 3822)
                                600 Fifth Avenue, 10th Floor
                                New York, New York 10020
                                (212) 763-5075

                                *Attorneys for Plaintiff*